**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:16 CR 224** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Bogdan Nicolescu,** *et al.***,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon the United States of America's Motion in Limine Regarding Non-Prosecution of Other Members of the Bayrob Group (Doc. 129). The motion is DENIED at this time. Although the government correctly notes that defendants may not ask the jury to acquit them based on the government's non-prosecution of other individuals, the government's request for exclusion goes too far. As defendant Nicolescu points out, the government requests that the Court exclude any evidence that even "implicitly" suggests that acquittal is warranted based on prosecutorial decisions. But, certainly the evidence is relevant for impeachment purposes with respect to cooperating defendants or uncharged cooperators. This evidence, however, may arguably constitute the "implicit" evidence that the government

1

seeks to exclude. Moreover, as defendant Nicolescu points out, the government has requested a jury instruction on this issue, which presumes that some such evidence will be admitted. Otherwise, the jury instruction would be wholly unnecessary.

Although the government's general proposition is correct, *i.e.*, the jury cannot convict defendant based on the government's decision not to charge certain individuals, the blanket request for exclusion is too broad. The Court will address this issue as it arises during trial.

IT IS SO ORDERED.


                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    United States District Judge
                                    Chief Judge

Dated: 3/5/19